**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.

JAMES (JIM) T. WIEDENHOFF

Plaintiff,

v.

INSIGHT GLOBAL, INC.,

Defendant.

## COMPLAINT

Plaintiff, JAMES (JIM) T. WIEDENHOFF ("Plaintiff"), by and through his counsel, for his Complaint against Defendant INSIGHT GLOBAL, INC. ("Defendant") hereby states and alleges as follows:

1. Defendant owns and/or operates a temporary staffing agency with an office in the Denver, Colorado metropolitan area, where Plaintiff was employed:

    a. 6400 South Fiddlers Green Circle #1450, Greenwood Village, CO 80111.

2. Plaintiff was a non-exempt employee of Defendant.

3. The Defendant uniformly denied overtime pay to Plaintiff for hours worked on behalf of the Defendant. More specifically, Defendant failed to pay Plaintiff overtime for all overtime hours worked during his shifts.

4. The Defendant's deliberate failure to pay employees their overtime compensation violates the Fair Labor Standards Act ("FLSA") and the Colorado Wage Act (CWA).

5. Plaintiff was subject to the illegal policy and practice of failing to pay workers for all time worked including failing to pay associated overtime wages.

6. This cause of action is brought to recover from Defendant unpaid wages, overtime compensation, a declaratory judgment, liquidated damages, and the costs and attorneys' fees associated with the bringing of this action, plus any additional relief that is just and proper for Plaintiff.

## JURISDICTION AND VENUE

7. Plaintiff incorporates herein by this reference the allegations contained in Paragraphs 1 through 6 of this Complaint as if set forth *verbatim*.

8. The FLSA authorizes court actions by private parties to recover damages for violation of the FLSA's wage and hour provisions. Jurisdiction over Plaintiff's FLSA claims is based upon 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

9. Subject Matter jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). At all times pertinent to this Complaint, Defendant was an enterprise engaged in interstate commerce or in the production of goods for consumers as defined § 3(r) and 3(s) of the FLSA, 29 U.S.C. §§ 203(r) and 203(s). The annual gross sales volume of the Defendant was in excess of $500,000 per annum.

10. Alternatively, Plaintiff worked in interstate commerce so as to fall within the protections of the FLSA.

11. This Court also has jurisdiction over Plaintiff's claims for violations of the Colorado Wage Act pursuant to 28 U.S.C. § 1367 (for those employees working in the State of Colorado) because the State claims are so related to the FLSA claims that they form part of the same case or controversy.

12. Venue is proper in the District of Colorado pursuant to 28 U.S.C. § 1391(b) as a substantial part of the events or omissions giving rise to the claim occurred in the District of Colorado.

## COVERAGE

13. Plaintiff incorporates herein by this reference the allegations contained in Paragraphs 1 through 12 of this Complaint as if set forth *verbatim*.

14. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of FLSA because they were individuals employed by an employer.

15. At all times material hereto, Defendant was an "employer" within the meaning of FLSA because Defendant acted directly or indirectly in the interest of the employer in relation to an employee.

16. At all times material hereto, Defendant was an employer because it had the ability to do the following with respect to Plaintiff: hire and fire, supervise work schedules and conditions of employment, determined rates and method of payment and were obligated under the law to maintain employment records.

17. Also, at all times material hereto, Defendant was an employer because it held exclusive operational control over Plaintiff; was solely responsible for the day-to-day operations *and* had direct responsibility for the supervision of the Plaintiff.

18. At all times material hereto, Defendant had two (2) or more employees.

19. At all times material hereto, Defendant was, and continues to be an "enterprise engaged in commerce" within the meaning of FLSA.

20. Also, based upon information and belief, the annual gross revenue of Defendant was in excess of $500,000 per annum during the relevant time periods.

21. At all times material hereto, Plaintiff was "engaged in commerce" and subject to individual coverage of the FLSA.

22. Likewise, Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from overtime pay obligations. Because none of the FLSA exemptions apply to Plaintiff, at all times material hereto, Plaintiff was non-exempt.

## PARTIES

23. Plaintiff incorporates herein by this reference the allegations contained in Paragraphs 1 through 22 of this Complaint as if set forth *verbatim*.

24. At all times pertinent hereto, Plaintiff James (Jim) T. Wiedenhoff was a citizen of the United States of America and a resident of the State of Colorado with a residential address of 8221 Brentwood Court, Arvada, CO 80005. At all times pertinent hereto, Plaintiff Wiedenhoff was a non-exempt employee of the Defendant, working as a "Senior Systems Engineer" for Defendant at the 6400 South Fiddlers Green Circle #1450, Greenwood Village, CO 80111 location. Plaintiff Wiedenhoff began working for Defendant on November 2012 and is still working there.

25. Upon information and belief, Defendant is incorporated in Georgia with corporate offices located at 4170 Ashwood Dunwoody Road, Suite 580, Atlanta, GA 30319, with a Colorado Registered Agent of The Corporation Company, 1675 Broadway, Suite 1200, Denver, CO 80202.

## GENERAL ALLEGATIONS

26. Plaintiff incorporates herein by this reference the allegations contained in Paragraphs 1 through 25 of this Complaint as if set forth *verbatim*.

27. Plaintiff was not paid overtime compensation for all hours worked during his shifts. Plaintiff was not compensated for overtime worked at the legal overtime rate.

28. Plaintiff was not properly paid overtime for all hours over forty worked for the benefit of the employer in a workweek.

## **FIRST CLAIM FOR RELIEF**

**Violation of the Fair Labor Standards Act of 1938 and Failure to Maintain Records**

29. Plaintiff incorporates herein by this reference the allegations contained in Paragraphs 1 through 28 of this Complaint as if set forth *verbatim*.

30. At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201 *et seq.*

31. Plaintiff is an "employee" pursuant to 29 U.S.C. § 203(e)(1).

32. Defendant is an "employer" pursuant to 29 U.S.C. § 203(d).

33. Plaintiff was suffered and/or permitted to work by Defendant pursuant to 29 U.S.C. § 203(g).

34. Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from overtime pay obligations. None of the FLSA exemptions apply to Plaintiff. Accordingly, Plaintiff must be paid overtime pay in accordance with the FLSA.

35. The FLSA regulates, among other things, payment of overtime pay by employers whose employees are engaged in the alleged activities of the Defendant's facilities.

36. Defendant was, and is, subject to the overtime pay requirements of the FLSA because it is an enterprise engaged in commerce and its employees are engaged in commerce.

37. Defendant violated the FLSA by failing to pay Plaintiff all of his time worked, including overtime. In the course of perpetrating these unlawful practices, Defendant has also willfully failed to keep accurate records of all hours worked by employees.

38. Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from overtime pay obligations. None of the FLSA exemptions apply to Plaintiff. Accordingly, Plaintiff must be paid overtime pay in accordance with the FLSA. .

39. Plaintiff is entitled to damages equal to the unpaid wages and mandated overtime premium pay within the three years preceding the filing of this Complaint, plus periods of equitable and agreed-upon tolling, because Defendant acted willfully and knew, or showed reckless disregard of whether, its conduct was prohibited by the FLSA.

40. Defendant has not acted in good faith, nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and as a result thereof, are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid wages and overtime pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b). Alternatively, should the Court find Defendant did not act willfully in failing to pay overtime wages, Plaintiff is entitled to an award of pre- and post-judgment interest at the applicable legal rate.

41. As a result of the aforesaid willful violations of the FLSA minimum wage and overtime provisions, overtime compensation has been unlawfully withheld by Defendant from Plaintiff for which Defendant is liable pursuant to 29 U.S.C. § 216(b), together with an additional equal amount as liquidated damages, pre- and post-judgment interest, reasonable attorneys' fees, and costs of this action.

## SECOND CLAIM FOR RELIEF

### Violation of the Colorado Wage Act and Failure to Maintain Records

42. Plaintiff incorporates herein by this reference the allegations contained in Paragraphs 1 through 41 of this Complaint as if set forth *verbatim*.

43. Defendant violated the Colorado Wage and hour laws, C.R.S. §§ 8-6-101 *et seq*.

44. Defendant is in the commercial support service industry. 7 7 COLO. CODE REGS. § 1103-1:2(B).

45. Defendant is required under Colorado law to pay Colorado Plaintiff for overtime work. 7 COLO. CODE REGS. § 1103-1:4.

46. Because Defendant has not paid Plaintiff for overtime wages, Plaintiff has been damaged in an amount to be determined at trial.

WHEREFORE, Plaintiff demands judgment against Defendant, for the payment of compensation for which they have not been properly paid, liquidated damages, reasonable attorneys' fees and costs, prejudgment interest, and for all other appropriate relief.

## JURY DEMAND

Plaintiff requests a trial to a jury on all issues so triable.

Dated this June 13, 2013.

> Respectfully submitted,
>
> */s/ Colleen T. Calandra*
> Colleen T. Calandra, Esq. (# 41788)
> BACHUS & SCHANKER, LLC
> 1899 Wynkoop Street, Suite 700
> Denver, CO 80202
> Telephone: 303.893.9800
> Facsimile:  303.893.9900
> colleen.calandra@coloradolaw.net
> *Attorney for Plaintiff*